IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE CONWAY WOOD,<br><br>     Plaintiff,<br><br>     v.<br><br>KEITH YORDY, et al.,<br><br>     Defendants. | Case No.  CV 07-350-S-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff's Motion (Docket No. 50) to disqualify Judge Edward J. Lodge from presiding over this matter.  The Motion has been briefed by the parties and is at issue.  For the following reasons the motion is denied.

**ANALYSIS**

Plaintiff seeks to disqualify Judge Lodge, citing 28 U.S.C. § 455(a).  Under that provision, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Also, under 28 U.S.C. § 144, where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," another judge shall hear the motion.  28 U.S.C. § 144.  In this matter, Plaintiff's affidavit does not satisfy the requirement of sufficiency as discussed below.

Whether disqualification or recusal is warranted under 28 U.S.C. § 144 and 455 is determined by considering "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *U.S. v. Studley*, 783 F.2d

**Memorandum Decision & Order - 1**

934, 939 (9th Cir. 1986)(citations omitted). A judge's adverse rulings do not alone establish judicial prejudice or bias, nor create a reasonable question of judicial impartiality. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994)(prior judicial rulings are proper for appeal, not recusal); *Studley*, 783 F.2d at 939*; Labrenz v. Burnett*, 218 P.3d 993, 1002 (Alaska 2009). Rather, conduct complained of, for purposes of disqualification, must be extrajudicial in character. *Studley*, 783 F.2d at 939; *Fong v. American Airlines, Inc.*, 431 F.Supp. 1334, 1338 (D.C. Cal. 1977), *citing U.S. v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698 (1966). Where the party seeking disqualification fails to show bias or prejudice from an extrajudicial source, the motion must be denied. *Murray v. IRS*, 923 F.Supp. 1289, 1294 (D. Idaho 1995).

In support of his motion, Plaintiff here cites the Court's Order (Docket No. 49), in which Plaintiff's requests for preliminary injunction, reconsideration, and to compel were denied. *Plaintiff's Motion* (Docket No. 50) at 1; *Declaration* (Docket No. 50-1) at 1. Specifically, Plaintiff argues that this Court: refused to uphold the law and constitution; disregarded Plaintiff's documentary evidence; "favored and enhanced defendants misleading statements" in order to excuse and justify unlawful conduct by defendants; prevented Plaintiff from obtaining evidence required to prove his case; and caused witnesses to decline to testify or otherwise participate out of fear of defendants' unlawful conduct.

In its Order (Docket No. 49), the Court thoroughly considered and analyzed the applicable law and facts regarding Plaintiff's motions in its Order Denying Preliminary Injunction, Reconsideration, and to Compel (Docket No. 49). Plaintiff has offered no facts to reasonably support his contention that the Court was in any way biased or prejudiced against him. Although Plaintiff clearly disagrees with the Court's analysis and ruling, such disagreement alone is

insufficient basis for disqualifying a judge. Absent other legally sufficient grounds for Plaintiff's

Motion, it is therefore denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion (Docket No. 50)

to Disqualify Judge Lodge shall be, and the same is hereby, DENIED.

DATED: **January 28, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**Memorandum Decision & Order - 3**