IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE CONWAY WOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEITH YORDY, et al.,<br><br>　　　　Defendants. | Case No.  CV 07-350-S-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Before the Court are Defendants' Motion to Dismiss (Docket No. 57), Motion for Extension to file dispositive motions (Docket No. 61), and Motion to Strike (Docket No. 68) Plaintiff's Supplemental Declaration.  The Court has reviewed the pleadings and, for the following reasons, now enters the following Order granting in part and denying in part, the Motion to Dismiss (Docket No. 57), and granting the uncontested Motion for Extension (Docket No. 61), and the Motion to Strike (Docket No. 68).

**BACKGROUND**

　　　　Plaintiff Lance Conway Wood is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at Idaho State Correctional Institution (ISCI).  This is Plaintiff's second lawsuit against many of the same Defendants, alleging retaliation and other causes of action.[1]  Defendants acknowledge that Plaintiff completed the IDOC grievance process

---

　　　　[1]Plaintiff's first and on-going civil rights case alleges sexual harassment by a female correctional officer, among other claims.  *See Wood v. Idaho Dep't of Corrections, et al.*, CV 04-99-C-BLW.

**Memorandum Decision & Order - 1**

for three of Plaintiff's claims in this lawsuit.  *Defendant's Memorandum in Support of Motion* (Docket No. 57-2) at 5-6.  However, Defendants argue that Plaintiff failed to exhaust required administrative remedies with respect to his remaining claims, and thus moves for dismissal.

## STANDARD OF LAW

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement.  42 U.S.C. § 1997e(a).  "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The *Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint.  *Woodford v. Ngo*, 548 U.S. at 103.  In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system.  *Id.* at 86-87.  The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained

---

[2] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**Memorandum Decision & Order - 2**

available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 119 (9th Cir. 2002). Therefore, the Court will consider Defendants' Motion as a motion to dismiss, rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).

## ANALYSIS

**A.     Grievance Process of the Idaho Department of Correction (IDOC)**

The IDOC's grievance process consists of three stages. *Affidavit of Jill Whittington* (Docket No. 57-3) ("*Whittington Affidavit*") at ¶ 4. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most capable of responding to" the inmate's issue. *Id.* at ¶ 5. If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. *Id.* at ¶ 6. Until November 28, 2007, the Grievance Form had to be submitted within 15 days of the incident giving rise to the grievance. Since that date, the time for filing a Grievance Form has been increased to 30 days. *Id.*

When submitting a Grievance Form, the inmate must include information regarding "the nature of the complaint, dates, places, and names." *Id.* at ¶ 7. Only one issue may be raised in each grievance. *Id.* If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision. *Id.* at ¶ 8. Previously, the inmate had to file such an appeal

**Memorandum Decision & Order - 3**

within 10 days of receiving the response to the grievance; currently, the grievance policy requires an appeal within 5 days of the inmates receiving the response to the grievance. *Id.* Except in cases of medical grievances, the appellate authority is the Warden. *Id.* at ¶ 9. The grievance process is only exhausted upon completion of all three of these steps – Concern Form, Grievance Form, and Grievance Appeal. *Id.* at ¶ 10.

**B.     Plaintiff Did Not Exhaust Administrative Remedies For All Claims**

Defendants concede that Plaintiff completed the IDOC grievance process for three claims at issue in this suit. *Defendant's Memorandum* (Docket No. 57-2) at 5-6; *see also Whittington Affidavit* (Docket No. 57-3) at ¶¶ 13-15. With respect to Plaintiff's remaining claims, Defendant contends Plaintiff did not complete the process. In response, Plaintiff does not assert that he completed the three step process for all claims. Instead, Plaintiff argues that his failure to complete the prescribed grievance process should be excused.

**C.     Exceptions to Exhaustion**

The Ninth Circuit has not yet decided whether exceptions to the exhaustion requirement exist. *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008). However, other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. *See, e.g., Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)

**Memorandum Decision & Order - 4**

(administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (failure to respond to a grievance within the policy time limits renders remedy unavailable); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

In this case, Plaintiff makes a number of arguments why his unexhausted claims should

**Memorandum Decision & Order - 5**

be exempt from the IDOC's grievance process: (1) that the grievance process does not allow challenges to Disciplinary Offense Report (DOR) issues; (2) that Defendants Martin, MacEachern, and Thomason did not respond to Plaintiff's Concern and Grievance Forms; (3) that issues presented by Plaintiff to the Warden should be considered administratively exhausted.

### 1. Separate process for DORs

Plaintiff asserts that claims against Defendant Mike Ludlow should be excepted from the exhaustion requirement because IDOC policy prohibited him from using the grievance process for issues arising from a Disciplinary Offense Report (DOR). Plaintiff correctly notes that findings and sanctions issued in a DOR have a separate appeal process from the IDOC grievance procedures. *Whittington Affidavit* (Docket No. 57-3) at 47.[3] Plaintiff received a DOR reporting that he threw a tissue containing three Ultram pills while in the medical unit. *Plaintiff's Attachments* (Docket No. 62-3) at 1-2. Plaintiff alleges that he completed a DOR Appeal Form, but this form was confiscated by an IDOC official. *Plaintiff's Response* (Docket No. 62) at 3.

Plaintiff completed Concern Forms, dated February 24, 2007, alleging that Ludlow planted pills, took legal documents, and harassed Plaintiff.[4] *Plaintiff's Attachments* (Docket No. 62-3) at 5-7. These Concern Forms did not mention Ludlow striking Plaintiff in the groin area. Plaintiff contends that he attempted to grieve Ludlow's response to the Concern Forms, but was told, per IDOC policy, that he could not grieve DOR matters. *Plaintiff's Response* (Docket No.

---

[3]That process is apparently set forth in the IDOC Disciplinary Procedures Manual 318.02.01.001. *Whittington Affidavit* (Docket No. 57-3) at 47. The Disciplinary Procedures Manual has not been provided to the Court via affidavit or otherwise attached to the pleadings.

[4]Although Defendants argue that the concern forms addressed only the pill set-up issue, the forms themselves reveal otherwise. *Plaintiff's Attachments* (Docket No. 62-3) at 6-7.

**Memorandum Decision & Order - 6**

62) at 4.  Plaintiff did not provide any documentation to support that he completed required Grievance Forms or that such forms were denied.

The Court finds that Plaintiff did not exhaust administrative remedies for allegations never raised in either a Concern or Grievance Form, specifically that Ludlow struck Plaintiff in the groin area, and that Ludlow searched Plaintiff's cell, leaving legal materials out of order.

The Court finds that Defendants have not shown Plaintiff failed to exhaust administrative remedies regarding claims that were "findings or sanctions" from Plaintiff's DOR, and thus exempt from the grievance process.  The Court finds that these claims include allegations that Ludlow planted pills, and filed the DOR as a retaliatory action against Plaintiff.

The Court finds that Plaintiff failed to properly exhaust the remaining claims against Ludlow – that Ludlow stole legal materials from Plaintiff, harassed Plaintiff, and attempted to influence and intimidate witnesses.  These allegations were raised in the February 2007 Concern Forms, but are not found in any Grievance Form filed by Plaintiff, and were therefore not properly exhausted.

### 2. IDOC employees' failure to respond to concern forms

Plaintiff contends that Defendants Martin, MacEachern, and Thomason failed to respond to Plaintiff's Concern Forms.  Plaintiff attached Concern Forms addressed to Defendants MacEachern and Thomason, but not Martin.  *Plaintiff's Attachments* (Docket No. 62-3) at 9, 12-13.  Claims against Defendant Martin are therefore dismissed for failure to exhaust.  Also, Plaintiff's Exhibit D demonstrates that Defendant MacEachern did respond to the Concern Form. *Plaintiff's Attachments* (Docket No. 62-3) at 9.  Plaintiff provided the Court with a Grievance Form, but there is no indication on the form that it was submitted or otherwise received by the

**Memorandum Decision & Order - 7**

IDOC.  *Plaintiff's Attachments* (Docket No. 62-3) at 11.  Thus claims against Defendant MacEachern are dismissed for failure to exhaust.

Under the IDOC grievance policy, if IDOC staff fail to respond to a Concern Form, offenders may send another Concern Form to another staff person, or complete a Grievance Form and indicate "no response" on an attached copy of the applicable Concern Form. *Whittington Affidavit* (Docket No. 57-3) at 30-31.  There is no indication Plaintiff followed this process with respect to Defendant Thomason.  Although Plaintiff filed a Concern Form to Thomason, *Plaintiff's Attachments* (Docket No. 62-3) at 12-13, there is no evidence of a subsequent Grievance Form or Grievance Appeal.[5]

Plaintiff argues that he was never provided yellow copies of his Concern Forms, thus thwarting attempts to comply with the requirement that he attach yellow copies of Concern Forms to Grievance Forms.  Plaintiff has not provided support for this assertion to the Court.[6] Documentation to the Court supports that Plaintiff initiated, but failed to exhaust available remedies in the administrative process.

Finally, Plaintiff contends that legal papers regarding his Concerns and Grievances were stolen by IDOC employees to prevent him from exhausting administrative remedies.  *Plaintiff's Response* (Docket No. 62) at 8-9.  In support of this allegation, Plaintiff cites concern forms addressed to Warden Nelson.  *Plaintiff's Attachments* (Docket No. 62-3) at 33-34.  The content

---

[5]Plaintiff filed a Concern Form to Grievance Coordinator Jill Whittington, noting among other concerns, that he had yet to receive a response to his Concern Form addressed to Defendant Thomason.  *Plaintiff's Attachments* (Docket No. 62-3) at 17.  Whittington replied to Plaintiff's concern on 4/4/07, noting that records indicated Plaintiff had filed only one Grievance Form since July 2006; that grievance was filed in February 2007.  *Id.* at 18/

[6]Plaintiff cited and attached a blank exhibit, *Exhibit M to Plaintiff's Response* (Docket No. 62-3) at 30, in support of this assertion.

**Memorandum Decision & Order - 8**

of these forms does not address any alleged theft of his legal materials. Nor is there other support for Plaintiff's allegation that legal materials were stolen to sabotage Plaintiff's attempts to exhaust his remedies. Plaintiff has failed to assert sufficient factual matter concerning details of this claim; Plaintiff offers no specifics of who may have committed the theft or how, and what evidence he has to support that the theft occurred.[7] Absent any supporting evidence, the Court is unable to find the claim plausible on its face.[8] Accordingly, the Court dismisses Plaintiff's claims against Defendant Thomason.

### 3. Issues raised to Warden

Plaintiff's third argument is that he exhausted administrative remedies for all claims that Defendants seek to dismiss, by presenting them directly to Warden Blades. As noted by Defendants, there is no authority to support Plaintiff's argument. Exhaustion, or exception therefrom, requires that Plaintiff either succeed in completing the grievance process, or show that he attempted to do so and was prevented by the IDOC. Plaintiff's discussions with Warden Blades do not satisfy these requirements.

### D. Dismissal for Failure to Exhaust

In light of the foregoing, the Court finds that Plaintiff has failed to exhaust administrative remedies with respect to the following claims: against Defendant Todd Martin; against

---

[7] Plaintiff asserted in a Concern Form to Defendant Ludlow that Ludlow took legal papers from Plaintiff while in the medical unit. *Plaintiff's Attachments* (Docket No. 62-3) at 6-7. Plaintiff did not pursue a Grievance Form on receipt of Ludlow's reply.

[8] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1964 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.

**Memorandum Decision & Order - 9**

Defendant Higgins; against unspecified Defendants for unconstitutional cell searches; against Defendant MacEachern; against unspecified Defendants for intimidation, harassment, and retaliation; and against Defendant Ludlow for striking Plaintiff in the groin, disrupting Plaintiff's legal materials, and intimidation and harassment.

The Court finds that Defendants have not shown failure to exhaust with respect to the remaining claims for which dismissal was sought: that Defendant Ludlow planted pills and retaliated against Plaintiff.

### E. Motion for Extension

The parties being in agreement to *Defendant's Motion* (Docket No. 61), and for good cause showing, the Court will extend the deadline for filing of dispositive motions to May 3, 2010.

### F. Motion to Strike

Defendants move to strike Plaintiff's Declaration filed October 21, 2009 (Docket No. 67). *Motion to Strike* (Docket No. 68). Defendants correctly state that Plaintiff's declaration is untimely, per the Court's Scheduling Order (Docket No. 15) and Notice of the Summary Judgment Rule Requirement (Docket No. 58), sent to Plaintiff on Defendants' filing of the Motion to Dismiss. Accordingly, the Motion to Strike is granted.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss (Docket No. 57) is DENIED as to Plaintiff's claims against Defendant Ludlow regarding pill set-up and retaliation; and GRANTED as to the remaining claims at issue in the Motion against Defendant Ludlow, and to claims against Defendants Martin, Higgins, MacEachern, Thomason,

**Memorandum Decision & Order - 10**

and unspecified Defendants.

IT IS FURTHER ORDERED that the agreed Motion for Extension (Docket No. 61) is GRANTED; the deadline for dispositive motions is extended to May 3, 2010.

IT IS FURTHER ORDERED that the Motion to Strike (Docket No. 68) is GRANTED.

DATED:  **February 5, 2010**

~~Honorab~~le Edward J. Lodge
U. S. District Judge

**Memorandum Decision & Order - 11**